UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| NORTH STAR TECHNOLOGY INTERNATIONAL LIMITED and NORTH STAR TECHNOLOGY LIMITED, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 3:19-cv-120-KAC-DCP |
| LATHAM POOL PRODUCTS, INC., | ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the Court on Defendant Latham Pool Products, Inc.'s "Objections to Magistrate Judge's Report and Recommendation Denying Defendant's Motion for Attorneys' Fees" [Doc. 138] and Defendant's "Motion for Attorneys' Fees" [Doc. 115]. The Report correctly concluded that this was not an "exceptional case" where attorneys' fees are warranted. Therefore, the Court overrules Defendant's objections and adopts the relevant portions of the Report and denies Defendant's "Motion for Attorneys' Fees" [Doc. 115].

### I. Background

#### A. The Initial Patent Action

This action is based on a design patent. Plaintiffs North Star Technology International Limited and North Star Technology Limited are intellectual property holding companies for several pool brands [Doc. 75-1 ¶ 3]. Defendant is the largest pool manufacturer in the United States [*Id.* ¶ 8]. Plaintiffs assert that in the fall of 2018, Defendant announced two new pool designs, the Corinthian 16 and the Astoria [Doc. 129 ¶ 2]. In November 2018, Plaintiffs accused Defendant of infringing on their U.S. Design Patent Nos. D791,966 ("D'966 Patent") and

D794,213 ("D'213 Patent") and sent a cease-and-desist letter [Doc. 126 ¶ 3]. Defendant responded to Plaintiffs' letter, denying infringement [*Id.*].

Plaintiffs filed suit in April 2019, asserting that Defendant was infringing the D'966 and D'213 Patents [*See* Doc. 1]. Defendant answered and asserted counterclaims for declarations of non-infringement on both patents [*See* Doc. 36 at 10, 18]. During discovery, Plaintiffs admitted that they "were not presently aware of any instances" of consumer confusion about the designs [*See* Doc. 118 ¶ 7]. Plaintiffs did not disclose an expert witness in support of its claims, despite both Parties requesting extensions of the expert disclosure deadline [*See* Docs. 34, 35, 39].

On June 7, 2020, Defendant took the deposition of the inventor and designer of the D'966 Patent, Kerry Pain [*See* Doc. 67-7 ("Pain, K. Dep")]. Pain testified about the design of the D'966 Patent, noting that the location of the D'966 Patent's safety ledge was a "design feature" intended to make the design "flow" better, and that the design's full-width entry step "looked better" [*Id.* at 16 (Pain, K. Dep., 54:5-19), 18 (Pain, K. Dep., 64:21-65:6)]. Pain also testified that the squared corners of the D'966 Patent design made for "a much cleaner look" [*Id.* at 7 (Pain, K. Dep., 18:18-19:9)].

On June 18, 2020, the respective Parties dismissed the D'213 Patent claim and corresponding counterclaim [*See* Doc. 58]. Plaintiffs assert that they dropped their claim because they learned that Defendant changed the design of the deep-end benches in its Astoria model from rectangular to L-shaped [Doc. 129 ¶¶ 3, 6]. Plaintiffs assert this change made Defendant's Astoria design "sufficiently distinct" from Plaintiffs' D'213 Patent [*Id.*].

The Parties filed cross motions for Summary Judgment related to the D'966 Patent [*See* Docs. 59; 64]. The Court granted Defendant's motion for summary judgment [Doc. 112]. The Court concluded that "Defendant is entitled to summary judgment of

2

non-infringement because to the ordinary observer, the Corinthian 16's overall appearance is 'sufficiently distinct' from and 'plainly dissimilar' to the D'966 Patent" [Doc. 112 at 13 (citation omitted)]. The Court concluded that the overall designs of the D'966 Patent and Corinthian 16 "bring to mind different impressions" [*Id.* (quotation omitted)]. Additionally, the Court found significant differences between the entry steps, steps leading from the tanning ledge into the main body of the pool, deep-end benches, and safety ledges of the two designs [*See id.* at 14-17]. The Court concluded that these individual design features "have a substantial impact on the overall appearance of the designs" that "creat[es] an overall 'plainly dissimilar' appearance" [*Id.* at 17].

### B. Defendant's Motion For Attorneys' Fees.

Defendant filed a "Motion for Attorneys' Fees" [Doc. 115], seeking fees pursuant to the Patent Act, Federal Rule of Civil Procedure Rule 54(d), Local Rule 54.2, and the Court's inherent power [*Id.*]. Defendant seeks attorneys' fees from the time after Pain's deposition until summary judgment, which it calculates at $870,007.49 [Doc. 128 at 19-20]. Plaintiffs opposed [Doc. 128]. Defendant replied [Doc. 136].

After reviewing briefing, United States Magistrate Judge Debra C. Poplin filed a "Report and Recommendation" ("the Report") [Doc. 137]. The Report recommended that the Court deny Defendant's motion [*Id.* at 1]. The Report concluded that Plaintiffs' claim was not baseless and that Plaintiffs had not litigated unreasonably because (1) Plaintiffs merely weighed the differences between the designs differently than Defendant, (2) Plaintiffs' claims did not require expert testimony or evidence of consumer confusion, (3) the phrase "plainly dissimilar" comes from patent design precedent and does not itself support a finding of exceptional circumstances, and (4) Defendant's threat of attorneys' fees during litigation did not make the claim baseless [*Id.* at 8-11, 13]. The Report also concluded that Plaintiffs did not litigate unreasonably

3

because (1) Pain's testimony did not make the case exceptional, (2) the Court only struck portions of testimony that included opinion testimony reserved for experts, and (3) the dismissal of the D'213 Patent was relevant [*Id.* at 11-14].

Defendant objects that the Report gave improper weight to the weakness of Plaintiffs' litigation position, the inventor testimony of Kerry Pain, and Plaintiffs' dismissal of the D'213 Patent claim [Doc. 138 at 1, 8]. Plaintiffs responded, generally supporting the Report [*See* Doc. 139]. On April 24, 2025, the United States Court of Appeals for the Federal Circuit affirmed this Court's judgment in favor of Defendant. *See North Star Tech. Int'l Ltd., et al. v. Latham Pool Prods., Inc.*, No. 2023-2138, 2025 WL 1189919, at *1-2 (Fed. Cir. April 24, 2025). But the Federal Circuit made no assessment regarding whether Plaintiffs' litigation position was baseless or whether Plaintiffs unreasonably litigating this action. *See id.*

## II.     Applicable Law

When considering Defendant's objections here, the Court modifies or sets aside any portion of the Report "that is clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). This standard "provides considerable deference to the determinations of magistrate[]" judges. *In re Search Warrants Issued Aug. 29, 1994*, 889 F. Supp. 296, 298 (S.D. Ohio 1995) (citation and quotation marks omitted). The Court reviews factual findings for clear error and reviews conclusions of law de novo. *See Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019). A factual finding is clearly erroneous if the Court "is left with the definite and firm conviction that a mistake has been committed." *Id.* at 219 (citations omitted). "The question is not whether the finding is the best or only conclusion that can be drawn from the evidence." *Heights Cmty. Cong. v. Hilltop Realty, Inc.*, 774 F.2d 135, 140 (6th Cir. 1985). Rather, the Court will uphold a magistrate judge's factual finding where there is evidence in the record to

4

support the finding and the construction of that evidence is reasonable. *Id.* A legal conclusion is contrary to law if "it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *See Bisig*, 940 F.3d at 219 (citation and quotation marks omitted).

Under the Patent Act, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "[A]n 'exceptional' case is simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness, LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). District courts "determine whether a case is exceptional in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* (citation omitted). "[T]here is no precise rule or formula for making these determinations, but instead equitable discretion should be exercised." *Id.* (quotation omitted).

The Court uses the "ordinary observer" test to assess design patent infringement cases. *See Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008). Under that test, a design is infringing "if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same" and "the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other." *Gorham Mfg. Co. v. White*, 81 U.S. (14 Wall.) 511, 528 (1871). "[W]here the claimed and accused designs are sufficiently distinct and plainly dissimilar, the patentee does not meet its burden of proving infringement." *High Point Design, LLC, v. Buyer's Direct, Inc.*, 621 F. App'x 632, 641 (Fed. Cir. 2015) (citation and quotation marks omitted).

5

### III. Analysis

**A. The Report Properly Weighed The Weakness Of Plaintiffs' Litigation Position.**

Defendant objects that "[t]he Report failed to award substantial weight to the baselessness of Plaintiffs' infringement claim" [Doc. 138 at 6]. In arguing that this is an exceptional case, Defendant relies on the Court's previous conclusions that the relevant designs are "plainly dissimilar" and that "no reasonable factfinder could conclude that [Latham's] products infringe" Plaintiffs' design [*Id.* at 8]. However, these conclusions formed part of the legal standard Defendant needed to satisfy to prevail on its motion for summary judgment. *See High Point Design*, 621 F. App'x at 641. That Defendant succeeded in obtaining summary judgment, without more, fails to demonstrate that this is an exceptional case. To conclude otherwise would make an award of attorneys' fees the norm, not the exception, which is inconsistent with the ordinary meaning of the word "exceptional" and binding precedent. *See Max Rack, Inc. v. Core Health & Fitness, LLC*, 40 F.4th 454, 478 (6th Cir. 2022) ("The use of the word exceptional limits the district court's discretion by reserving attorney's fees for rare or unusual cases") (citation and quotation marks omitted); *see also FireBlok IP Holdings, LLC v. Hilti, Inc.*, 855 F. App'x 735, 739 (Fed. Cir. 2021) ("A case is not exceptional solely because one party did not prevail.").

Defendant also argues that Plaintiffs' claim was baseless because Plaintiffs failed to present expert testimony or evidence of consumer confusion [*See* Doc. 138 at 8]. But expert testimony is not required to prevail under the "ordinary observer" test. *See Egyptian Goddess*, 543 F.3d at 670 (noting that the compared designs "need not be the same 'to the eye of an expert'" for a finding of infringement (quoting *Gorham Mfg.*, 81 U.S. at 527)). Additionally, consumer confusion "is not a necessary" factor in a design infringement case. *See Columbia Sportswear N. Am., Inc. v. Seirus Innovative Accessories, Inc.*, 80 F.4th 1363, 1382 (Fed. Cir. 2023) (quotation

6

omitted). Therefore, Plaintiffs' failure to introduce expert testimony or evidence of consumer confusion does not render their claim baseless.

Defendant further argues that had Plaintiffs engaged in a proper pre-suit investigation, they would not have brought their claims in the first place [Doc. 138 at 9]. This argument is undermined by the fact that Defendant chose not to file a motion to dismiss the patent infringement claims. If Plaintiffs' claims were indeed baseless from the beginning, Defendant required months of discovery to reach that conclusion.

The Report considered the totality of the circumstances and correctly concluded that Defendant failed to demonstrate that Plaintiffs' litigation position was so weak as to be baseless. The Court therefore **OVERRULES** Defendant's objection and **ADOPTS** the portion of the Report regarding the "weight [of] the baselessness of Plaintiffs' infringement claim" [Doc. 138 at 6].

**B. The Report Properly Weighed Kerry Pain's Testimony.**

Defendant argues that the Report failed to give proper weight to Kerry Pain's testimony [Doc. 138 at 10]. Specifically, Defendant argues that it was unreasonable for Plaintiffs to continue litigating after Pain's deposition testimony "directly contradict[ed] Plaintiffs' infringement theory" [*Id.*]. However, Pain's testimony was not as direct as Defendant argues. Pain testified only to the differences between the D'966 Patent and pools generally—not the differences between the D'966 Patent and the Corinthian 16 specifically [Doc. 67-7 at 38 (Pain, K. Dep., 142:24-143:9)]. Pain never discussed whether the Corinthian 16 shared the overall appearance of the D'966 Patent [*See id.*]. Because Pain only testified to the D'966 Patent design and did not compare the D'966 Patent design to the Corinthian 16 design, Pain's testimony did not directly contradict Plaintiffs' infringement theory.

7

Further, Pain's testimony did not necessarily contradict Plaintiffs' theory that the designs would look substantially similar to an ordinary observer. Pain's testimony related to his impressions of the D'966 Patent design as its inventor and designer. This may be strong evidence of how the no ordinary observer would view the two designs and it may not. Pain's testimony supported the Court's conclusion that the designs are "plainly dissimilar," but his impressions of his own design do not necessarily contradict Plaintiffs' theory that an ordinary observer may find the two designs substantially similar.

The Report considered the totality of the circumstances in correctly concluding that Defendant failed to demonstrate that Plaintiffs' decision to continue litigating after Pain's deposition was unreasonable. For that reason, the Court **OVERRULES** Defendant's objection and **ADOPTS** the portion of the Report regarding Pain's testimony [*See* Doc. 138 at 10].

### C. The Report Properly Weighed Plaintiffs' Dismissal Of The D'213 Patent Infringement Claim.

Defendant argues that "[t]he Report erred to the extent it awarded weight to Plaintiffs' dismissal of infringement claims with respect to the D'213 Patent" [Doc. 138 at 12]. District courts "determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Octane Fitness*, 572 U.S. at 554 (footnote omitted). A district court's award of attorneys' fees is premised on "holistic consideration of the facts and circumstances particular to the case." *Bliss Collection, LLC v. Latham Cos., LLC*, 82 F.4th 499, 516 (6th Cir. 2023). The dismissal of the D'213 Patent claim falls within the "totality of the circumstances" surrounding the litigation and sheds light on the manner in which Plaintiffs litigated this action—which originally included two infringement claims. The Report properly weighed Plaintiffs' dismissal of the D'213 Patent claim as part of the totality of the circumstances

8

of this litigation. Even independently considering the totality of the circumstances anew, the Undersigned would not reach a different result if she did not consider Plaintiffs' dismissal of their D'213 Patent claim. The Court, therefore, **OVERRULES** Defendant's objection and **ADOPTS** the portion of the Report regarding "Plaintiffs' dismissal of the infringement claims with respect to the D'213 Patent" [Doc. 138 at 12].

## IV. Conclusion

For the above reasons, upon de novo review, the Court **OVERRULES** Defendant's "Objections to Magistrate Judge's Report and Recommendation Denying Defendant's Motion for Attorneys' Fees" [Doc. 138]. The Court **ACCEPTS** and **ADOPTS** the relevant portions of the Report [Doc. 137]. *See* 28 U.S.C. § 636(b); *see also* Fed. R. Civ. P. 72(a). And the Court **DENIES** Defendant's "Motion for Attorneys' fees" [Doc. 115].

SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge